# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL GIBSON, <br> DOUGLAS MAMMOSER, <br> PATRICK MAMMOSER, and <br> STEVEN MAMMOSER, <br><br> *Plaintiffs,* <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC., <br> **Serve: CSC-Lawyers Incorporating** <br> **Service Company** <br> **221 Bolivar Street** <br> **Jefferson City, MO 65101** <br><br> *Defendant.* | Case No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT
## PERSONAL INJURY – VEHICULAR NEGLIGENCE

COME NOW Plaintiffs Michael Gibson, Douglas Mammoser, Patrick Mammoser and Steven Mammoser (collectively, "Plaintiffs") and for Plaintiffs' cause of action against Defendant United Parcel Service, Inc. ("UPS"), state as follows:

### PARTIES

1. Plaintiff Michael Gibson was at all relevant times a citizen of the State of Illinois.

2. Plaintiff Douglas Mammoser was at all relevant times a citizen of the State of Illinois.

3. Plaintiff Patrick Mammoser was at all relevant times a citizen of the State of Illinois.

4. Plaintiff Steven Mammoser was at all relevant times a citizen of the State of Illinois.

1

5. Defendant United Parcel Service, Inc. ("UPS") was at all relevant times a Georgia corporation. Defendant UPS operates an over-the-road trucking company for profit. At all relevant times, Defendant UPS was a Motor Carrier operating its trucking company under USDOT #21800. At all relevant times, Defendant UPS was required to operate its trucking company in accordance with 49 CFR § 379, *et seq.* At all relevant times, Defendant UPS's CMV driver Hollis B. Sasser was acting within the scope and course of his employment for UPS.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and each Plaintiff is seeking damages exceeding $75,000, exclusive of fees and costs.

7. This Court has personal jurisdiction over Defendant UPS because this action arose out of a tractor-trailer wreck involving Defendant UPS and Plaintiffs in Mississippi County, State of Missouri. *See* Mo. Rev. Stat. § 506.500.1(3); *Dairy Farmers of America, Inc. v. Bassett & Walker International, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the tortious acts giving rise to this lawsuit occurred in the Eastern District of Missouri, Southern Division.

## COUNT I
## INDEPENDENT / DIRECT NEGLIGENCE

COME NOW Plaintiffs Michael Gibson, Douglas Mammoser, Patrick Mammoser and Steven Mammoser and for Plaintiff's Count I – Independent / Direct Negligence – against Defendant United Parcel Service, Inc., state as follows:

9. Plaintiffs herewith adopt and incorporate by reference each and every allegation contained in paragraphs 1 – 8 the same as if fully herein set forth.

10. On March 17, 2022, at approximately 8:00 a.m., Plaintiffs were traveling on southbound I-57 near mile marker 13.6 in Patrick Mammoser's 2018 Ford F-150 ("Plaintiffs' Vehicle") with his brothers, Steven Mammoser and Douglas Mammoser, and Michael Gibson.

11. While traveling on southbound I-57, Plaintiffs' Vehicle entered an area of heavy fog with low visibility. After passing into the fog, Plaintiffs' Vehicle came upon Defendant UPS's tractor-trailer positioned sideways across I-57. Defendant's tractor-trailer created an unavoidable obstruction in the roadway resulting in a catastrophic collision between Defendant UPS's tractor-trailer and Plaintiffs' Vehicle.

12. At all relevant times, Defendant UPS owed a duty to operate its trucking business with the highest degree of care and owed a duty to prevent foreseeable wrecks and a duty to avoid injuring the motoring public, including Plaintiffs.

13. Upon information and belief, Defendant UPS breached its foregoing duties and was negligent in the following respects:

    a. Negligently and carelessly failed to properly and adequately train its CMV driver, Hollis B. Sasser, in the safe operation of commercial motor vehicles; and/or

    b. Negligently and carelessly failed to instruct CMV driver Hollis B. Sasser, specifically with regard to the AAMVA CDL Manual regarding *Driving emergencies* in a CMV coupled with a semi-trailer; and/or

    c. Negligently and carelessly hired and retained CMV driver Hollis B. Sasser without performing an adequate investigation of his driving history; and/or

d. Negligently and carelessly hired and retained CMV driver Hollis B. Sasser without performing an adequate investigation of his background, qualifications, and driving history; and/or

e. Negligently and carelessly failed to properly supervise CMV driver Hollis B. Sasser; and/or

f. Negligently and carelessly required CMV driver Hollis B. Sasser to drive a route with distances and time restrictions which resulted in Hollis B. Sasser operating the commercial motor vehicle in violation of the FMCSR; and/or

g. Negligently and carelessly coerced CMV driver Hollis B. Sasser to operate the commercial motor vehicle in violation of 49 CFR § 390.6(a) and (b); and/or

h. Negligently and carelessly permitted, allowed, coerced or forced CMV driver Hollis B. Sasser to operate the commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

i. Negligently and carelessly required or permitted CMV driver Hollis B. Sasser to operate the motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR § 392.3; and/or

j. Negligently and carelessly failed or refused to require CMV driver Hollis B. Sasser to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR § 390.11; and/or

  k. Negligently and carelessly allowed CMV driver Hollis B. Sasser to operate the commercial motor vehicle without being medically certified as physically qualified to do so in violation of 49 CFR § 391.41; and/or

  l. Was negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 CFR § 379 et seq.; and/or

  m. Negligently and carelessly failed to equip its vehicles with collision warning systems; and/or

  n. Negligently and carelessly failed to keep its vehicles in safe working order; and/or

  o. Negligently and carelessly failed to inspect and repair its vehicle to ensure its safe working order.

14. The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Michael Gibson to sustain the following injuries, surgeries and damages:

  a. Traumatic pneumothorax;

  b. Injury to inferior mesenteric artery;

  c. Multiple fractures of ribs, left side;

  d. Laceration of lung, unilateral;

  e. Injury of branches of celiac and mesenteric artery;

  f. Laceration of spleen;

  g. Acute posthemorrhagic anemia;

  h. Injury of other intra-abdominal organs;

  i. Contusion of other parts of small intestine;

  j. Injury of tail of pancreas;

    k.    Cervical disc displacement, high cervical region;

    l.    Pain in right shoulder;

    m.    Displaced fracture of shaft of fourth metacarpal bone, left hand;

    n.    Nondisplaced fracture of distal phalanx of left ring finger;

    o.    Abdominal hernia without obstruction or gangrene;

    p.    Tachycardia;

    q.    Mild Traumatic Brain Injury;

    r.    Chest tube insertion;

    s.    Laparotomy exploratory and evacuation of hemoperitoneum;

    t.    Splenectomy; and

    u.    Right colon resection.

15.    The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Douglas Mammoser to sustain the following injuries and damages:

    a.    Displaced bicondylar fracture of left tibia;

    b.    Other fracture of upper and lower end of left fibula;

    c.    Contusion of abdominal wall;

    d.    Sprain of anterior cruciate ligament;

    e.    Localized enlarged lymph nodes;

    f.    Essential hypertension;

    g.    Solitary pulmonary nodule;

    h.    Left knee pain; and

    i.    Abdominal pain.

16. The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Patrick Mammoser to sustain the following injuries, procedures and damages:

    a. Unspecified fracture of shaft of left radius, open fracture type I or II;

    b. Multiple fractures of ribs, right side;

    c. Fracture of shaft of left ulna, open fracture type I or II;

    d. Galeazzi's fracture of right radius, open fracture type I or II;

    e. Open wound of left forearm;

    f. Open wound of right forearm;

    g. Repair right low arm Subcutaneous/Fascia, open approach;

    h. Repair left low arm Subcutaneous/Fascia, open approach;

    i. Reposition left ulna with internal fixation device, open approach;

    j. Reposition left radius with internal fixation device, open approach;

    k. Reposition right radius with internal fixation device, open approach; and

    l. Extraction of back skin, external approach.

17. The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Steven Mammoser to sustain the following injuries, surgeries and damages:

    a. Fractured rib;

    b. Abdominal pain, generalized with splenic laceration and hemoperitoneum;

    c. Contusion of abdominal wall;

    d. Exacerbation of L4-L5 lower back pain;

    e. March 17, 2022 Exploratory laparotomy;

    f. Small bowel resection;

    g. Sigmoid colectomy;

      h.      Takedown of splenic flexure;

      i.      Intraoperative assessment of tissue perfusion using indocyanine green; and

      j.      March 21, 2022 exploratory laparotomy with repair of enterotomy/small bowel perforation.

WHEREFORE Plaintiffs Michael Gibson, Douglas Mammoser, Patrick Mammoser and Steven Mammoser pray judgment against Defendant UPS in an amount in excess of $75,000.00, together with their costs, pre- and post-judgment interest and for such other and further relief as the Court may deem just and proper, the premises considered.

## COUNT II
## VICARIOUS LIABILITY – NEGLIGENCE

COME NOW Plaintiffs Michael Gibson, Douglas Mammoser, Patrick Mammoser and Steven Mammoser and for Plaintiffs' Count II – Vicarious Liability – Negligence against Defendant United Parcel Service, Inc., state as follows:

18.      Plaintiffs herewith adopt and incorporate by reference each and every allegation contained in paragraphs 1 – 17 the same as if fully herein set forth.

19.      On March 17, 2022, at approximately 8:00 a.m., Plaintiffs were traveling on southbound I-57 near mile marker 13.6 in Patrick Mammoser's 2018 Ford F-150 ("Plaintiffs' Vehicle") with his brothers, Steven Mammoser and Douglas Mammoser, and Michael Gibson.

20.      While traveling on southbound I-57, Plaintiff's Vehicle entered an area of heavy fog with low visibility. After passing into the fog, Plaintiffs' Vehicle came upon Defendant UPS's tractor-trailer positioned sideways across I-57. Defendant's tractor-trailer created an unavoidable obstruction in the roadway resulting in a catastrophic collision between Defendant UPS's tractor-trailer and Plaintiffs' Vehicle.

21.     At all relevant times, Defendant UPS owed a duty, by and through its agents and employees, including Defendant UPS's CMV driver Hollis B. Sasser, to operate its tractor-trailer with the highest degree of care and in such a manner as to not cause injury or damage to other members of the motoring public, including Plaintiffs.

22.     On March 17, 2022, Defendant UPS, by and through its agent CMV driver Hollis B. Sasser, failed to exercise the highest degree of care for the safety of other motorists in violation of Missouri law in one or more of the following respects:

    a.  Defendant negligently failed to exercise the highest degree of care to control the tractor-trailer in violation of § 304.012 RSMo.;

    b.  Defendant negligently failed to exercise the highest degree of care to keep a careful lookout for persons and vehicles upon the roadway in violation of § 304.012 RSMo.;

    c.  Defendant negligently failed to exercise the highest degree of care by driving at an excessive rate of speed under the circumstances in violation of § 304.012 RSMo.;

    d.  Defendant negligently failed to implement the teachings within the State of Missouri and/or Georgia and/or Arkansas and/or AAMVA CDL Manual, including with regard to the following subjects: *Managing space, Seeing to the Sides, Controlling Speed, Seeing Hazards,* and *Driving Emergencies* such as *Steering to Avoid a Crash* and *Controlled/Stab Braking*;

    e.  Defendant negligently failed to maintain *Basic Control* of Defendant's tractor-trailer, while lacking *Required Knowledge* and *skillset* as mandated in *FMCSR § 383.110 and § 383.111, (4) Basic Control, (ii) stopping*;

9

f. Defendant negligently failed to have *visual search methods* while operating Defendant's tractor-trailer, while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111, (7) Visual search, (i) Seeing ahead and to the sides*;

g. Defendant negligently failed to have *speed management* while operating Defendant's tractor-trailer, while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111, (9) Speed management, (i) Speed and stopping distance*;

h. Defendant negligently failed in the *procedure and techniques for controlling the space around* Defendant's tractor-trailer, while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111, (10) Space Management, (i) Importance of space management, (ii) Space cushions, controlling space ahead, (iii) Space to the sides*;

i. Defendant negligently failed in *Hazard perceptions*, while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111, (13) Hazard perceptions. Clues for recognition of hazards, including: (ii) Road user activities*;

j. Defendant negligently failed in *how to make emergency maneuvers,* while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111, (14) Emergency maneuvers, (ii) Emergency stop*;

k. Defendant negligently failed in *skid control and recovery,* while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111, (15) Skid control and recovery*;

    l.    Defendant negligently failed in *awareness* and *being prepared to drive*, while lacking the *Required Knowledge* and *skillset* required in *FMCSR § 383.110 and § 383.111,(20) Fatigue and awareness, (i) Being prepared to drive*; and

    m.    Defendant negligently endangered Plaintiffs' lives in violation of §304.012 RSMo.

23.    Defendant's inattentiveness and carelessness, along with the failure to maintain basic control, failure to keep a lookout, failure to stop in assured clear distance and operating too fast for conditions all contributed to the collision, including Defendant's failure to maintain control during adverse driving conditions by not being able to judge a safe and prudent speed for the heavy fog.

24.    The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Michael Gibson to sustain the following injuries, surgeries and damages:

    a.    Traumatic pneumothorax;

    b.    Injury to inferior mesenteric artery;

    c.    Multiple fractures of ribs, left side;

    d.    Laceration of lung, unilateral;

    e.    Injury of branches of celiac and mesenteric artery;

    f.    Laceration of spleen;

    g.    Acute posthemorrhagic anemia;

    h.    Injury of other intra-abdominal organs;

    i.    Contusion of other parts of small intestine;

    j.    Injury of tail of pancreas;

      k.      Cervical disc displacement, high cervical region;

      l.      Pain in right shoulder;

      m.      Displaced fracture of shaft of fourth metacarpal bone, left hand;

      n.      Nondisplaced fracture of distal phalanx of left ring finger;

      o.      Abdominal hernia without obstruction or gangrene;

      p.      Tachycardia;

      q.      Mild Traumatic Brain Injury;

      r.      Chest tube insertion;

      s.      Laparotomy exploratory and evacuation of hemoperitoneum;

      t.      Splenectomy; and

      u.      Right colon resection.

25.    The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Douglas Mammoser to sustain the following injuries and damages:

      a.      Displaced bicondylar fracture of left tibia;

      b.      Other fracture of upper and lower end of left fibula;

      c.      Contusion of abdominal wall;

      d.      Sprain of anterior cruciate ligament;

      e.      Localized enlarged lymph nodes;

      f.      Essential hypertension;

      g.      Solitary pulmonary nodule;

      h.      Left knee pain; and

      i.      Abdominal pain.

26. The negligence of Defendant UPS, as set forth above, caused or contributed to cause Plaintiff Patrick Mammoser to sustain the following injuries, procedures and damages:

    a. Unspecified fracture of shaft of left radius, open fracture type I or II;

    b. Multiple fractures of ribs, right side;

    c. Fracture of shaft of left ulna, open fracture type I or II;

    d. Galeazzi's fracture of right radius, open fracture type I or II;

    e. Open wound of left forearm;

    f. Open wound of right forearm;

    g. Repair right low arm Subcutaneous/Fascia, open approach;

    h. Repair left low arm Subcutaneous/Fascia, open approach;

    i. Reposition left ulna with internal fixation device, open approach;

    j. Reposition left radius with internal fixation device, open approach;

    k. Reposition right radius with internal fixation device, open approach; and

    l. Extraction of back skin, external approach.

27. The negligence of Defendant UPS as set forth above, caused or contributed to cause Plaintiff Steven Mammoser to sustain the following injuries, surgeries and damages:

    a. Fractured rib;

    b. Abdominal pain, generalized with splenic laceration and hemoperitoneum;

    c. Contusion of abdominal wall;

    d. Exacerbation of L4-L5 lower back pain;

    e. March 17, 2022 exploratory laparotomy;

    f. Small bowel resection;

    g. Sigmoid colectomy;

      h.      Takedown of splenic flexure;

      i.      Intraoperative assessment of tissue perfusion using indocyanine green; and

      j.      March 21, 2022 exploratory laparotomy with repair of enterotomy/small bowel perforation.

WHEREFORE Plaintiffs Michael Gibson, Douglas Mammoser, Patrick Mammoser and Steven Mammoser pray judgment against Defendant UPS in an amount in excess of $75,000.00, together with their costs, pre- and post-judgment interest and for such other and further relief as the Court may deem just and proper, the premises considered.

Respectfully Submitted,

**DOWD & DOWD, PC**

Dated: October 31, 2024    BY:    */s/ Clayton L. Dowd*
DOUGLAS P. DOWD, (29240MO)
doug@dowdlaw.net
CLAYTON L. DOWD, (72772MO)
clayton@dowdlaw.net
SAM J. ALTON, (48574MO)
sam@dowdlaw.net
211. N. Broadway, Ste. 4050
St. Louis, MO 63102
p: (314) 621-2500
f: (314) 621-2503

*Attorneys for Plaintiffs*